FILED
11/18/2020 1:17 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez

Case 5:21-cv-00439-FB   Document 1-5   Filed 05/03/21   Page 1 of 6

2020CI22471

CAUSE NO.: _____

| | | |
|---|---|---|
| METODIO CRUZ GALLEGOS, SR., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| | § | **224TH** |
| v. | § § | |
| | § | BEXAR COUNTY, TEXAS |
| STARR OILFIELD SERVICES, LLC and JEFFREY EMMETT SISTRUNK | § § § | |
| *Defendants.* | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, METODIO CRUZ GALLEGOS, SR., Plaintiff in the above-styled and numbered cause, and files his Original Petition complaining of STARR OILFIELD SERVICES, LLC and JEFFREY EMMETT SISTRUNK, and in support thereof would show unto this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.1   Pursuant to TEXAS RULES OF CIVIL PROCEDURE 190.1 and 190.4, discovery in this lawsuit is intended to be conducted under Level 2.

### II.   CLAIM FOR RELIEF

2.1   Pursuant to TEXAS RULE OF CIVIL PROCEDURE 47, Plaintiff seeks monetary relief of more than $1,000,000.00.

### III.   PARTIES

3.1   Plaintiff METODIO CRUZ GALLEGOS, SR. is an individual resident of Cameron County, Texas.

3.2   Defendant STARR OILFIELD SERVICES, LLC is a limited liability company authorized to do business in the State of Texas and may be served with process via its registered

1

agent for service, Riley Carbone Kern, at 7813 S. Harvard Avenue, Tulsa, Oklahoma 74136.

3.3     Defendant JEFFREY EMMETT SISTRUNK is an individual resident of Mississippi who may be served with process at his residence at 79 McCardle Road, Brooklyn, Mississippi 39425, or wherever he may be found.

## IV.     JURISDICTION AND VENUE

4.1     The Court has jurisdiction in this cause because the damages to Plaintiff are within the jurisdictional limits of the Court.

4.2     Venue is proper in Bexar County pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## V.     FACTS

5.1     On January 28, 2020, at approximately 7:17 p.m., Plaintiff Gallegos was driving his Ford F350 pickup truck eastbound on S Loop 1604 E in Elmendorf, Texas. At the same time, Defendant Sistrunk, operating a 2001 Peterbilt tractor-trailer, was travelling on an access road towards S Loop 1604 E. As Mr. Gallegos approached the intersection of S Loop 1604 E and the access road, Defendant Sistrunk emerged, suddenly and without warning, from behind the stop sign on the access road and began turning left onto S Loop 1604 E. Mr. Gallegos collided with the right side of the trailer Sistrunk was towing, causing catastrophic damage to his vehicle.



5.2     The Elmendorf Police Department determined that Defendant Sistrunk caused the collision by failing to yield the right of way to Plaintiff Gallegos, and that Sistrunk's inattention may have contributed to the incident as well. At the time of the collision, Defendant Sistrunk was operating the tractor-trailer on behalf of his employer, Defendant Starr Oilfield Services, and subject to Defendant Starr Oilfield Service's operating authority, under USDOT No. 1740624.

5.3     Following the collision, Plaintiff Gallegos was transported via ambulance to Mission Trail Baptist Hospital and was diagnosed with a concussion, a contusion at the apex of the skull, cervical whiplash, lumbar strain, bilateral shoulder strain, bilateral knee strain, right wrist pain, bilateral rib cage pain, abdominal pain, and neck muscle spasms.

5.4     After hospital discharge, Plaintiff Gallegos had further imaging studies (MRIs), which revealed numerous cervical and lumbar disc herniations and nerve root impingement.

5.5     To date, Mr. Gallegos has received three epidural steroid injection ("ESIs") to his injured cervical spine and another three ESIs to his injured lumbar spine, but these have proved unsuccessful in the long term. Exhausting all conservative options, Plaintiff Gallegos underwent spinal surgery to address the ongoing pain and impairment.

## VI.     NEGLIGENCE OF DEFENDANT STARR OILFIELD SERVICES

6.1     Defendant Starr Oilfield Services was the owner/lessee of the tractor-trailer that Defendant Sistrunk was operating. At all times material to this lawsuit, Defendant Sistrunk was an employee of Defendant Starr Oilfield Services and was acting within the scope of that employment and pursuant to Defendant Starr Oilfield Services' federal motor carrier operating authority, USDOT No. 1740624. Consequently, Defendant Starr Oilfield Services is vicariously liable for Plaintiff's injuries and damages, and for the negligent conduct of its employee driver, Defendant Sistrunk, under the theory of *respondeat superior*.

## VII. NEGLIGENCE OF DEFENDANT SISTRUNK

7.1 The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Sistrunk. Defendant Sistrunk's conduct constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff Gallegos. Defendant Sistrunk's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

    a. failing to yield the right of way at a stop sign; and

    b. failing to pay attention to the roadway around him.

One, some, or all of the foregoing acts and/or omissions by Defendant Sistrunk constituted negligence and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

## VIII. DAMAGES

8.1 As a result of the negligence of Defendants Sistrunk and Starr Oilfield Services and the incident made the basis of this lawsuit, Plaintiff Gallegos sustained significant injuries and damages in the past and will, in reasonable probability, sustain damages in the future.

7.2 Plaintiff respectfully requests that the trier of fact determine the amount of his damages and the losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a. past and future medical care expenses;

    b. past and future loss of earning capacity and lost wages;

    c. past and future physical pain and suffering and mental anguish;

    d. past and future physical impairment;

    e. past and future disfigurement; and

    f. past and future loss of household services.

7.3     Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of this Court.

## VIII.  JURY DEMAND

8.1     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 216, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## IX.  REQUESTS FOR DISCLOSURE

9.1     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 194, request is made that Defendants Sistrunk and Starr Oilfield Services disclose, within fifty (50) days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2 (a)-(*l*). Defendants must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this request. Failure to timely respond shall constitute an abuse of discovery pursuant to TEXAS RULE OF CIVIL PROCEDURE 215.

## X.  CERTIFICATE OF WRITTEN DISCOVERY

10.1    Plaintiff has contemporaneously served Requests for Disclosure to Defendants.

## XI.  RULE 193.7 NOTICE

11.1    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7, Plaintiff Gallegos hereby gives actual notice that any and all documents produced may be used against the Defendant producing such document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gallegos respectfully prays that Defendants Sistrunk and Starr Oilfield Services be cited in terms of law to appear and answer herein; that upon final trial and hearing hereof, Plaintiff recover damages in accordance with the evidence; that Plaintiff recover costs of court herein expended; that Plaintiff recover pre-judgment

and post-judgment interest to which Plaintiff is justly entitled under the law; and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

*/s/ Frank W. Robertson*
**FRANK W. ROBERTSON**
State Bar No. 24033129
frobertson@jimadler.com
**MICHAEL GOMEZ**
State Bar No. 24029578
mgomez@jimadler.com
**PHILIP K. BRODERICK**
State Bar No. 24094561
pbroderick@jimadler.com
12605 East Freeway, Suite 400
Houston, Texas 77015
Telephone:   (713) 335-1032
Facsimile:   (713) 335-1018

**ATTORNEYS FOR PLAINTIFF**